IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUDITH W. MAYNARD,<br><br>           Plaintiff,<br><br>v.<br><br>BRYAN W. CANNON, P.C.,<br><br>           Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:05CV335DAK |

This matter is before the court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Motion for Judgment on the Pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure.  The court held a hearing on the motions on June 22, 2006.  At the hearing, Plaintiff was represented by Ronald Ady, and Defendant was represented by Drew B. Quinn.  At the hearing, the court allowed the parties to file supplemental briefs on certain issues.  Both parties have filed their briefs, and the court has reviewed them.  Having fully considered the memoranda submitted by the parties and the facts and law relevant to these motions, the court enters the following Memorandum Decision and Order.

### BACKGROUND

Plaintiff Judith Maynard brought this case under the Fair Debt Collections Practices Act ("FDCPA") against Defendant Bryan Cannon, who was hired by Household Finance

Corporation to collect on Plaintiff's mortgage debt.  Household Finance told Cannon that the mortgage debt was in default.  Household Finance transferred the debt to Cannon as successor trustee on March 18, 2004.  Cannon filed a Notice of Default with the Salt Lake County Recorder on March 22, 2004.  On March 25, 2004, Cannon sent a copy of the Notice of Default to Maynard which listed the amount of the original principle amount of the mortgage, the name of the Creditor, and a statement that if Maynard notified Cannon of a dispute of the debt within thirty days, Cannon would obtain verification of the debt.

On April 7, 2004, Maynard timely wrote to Cannon disputing the debt and listing several problems that she had encountered with Household Finance.  She stated that she had been trying to refinance the mortgage for years and had previously had to get the Utah Attorney General's Office involved to get a payoff amount because Household Finance would not provide her with the amount.  She also requested several items of information, such as the current balance on the mortgage, as well as the original loan documents and a payment history on the loan.

In response to Maynard's dispute letter, Cannon replied by letter affirming the original balance of the mortgage and enclosing a copy of the original Deed of Trust, Loan Agreement and closing documents.  Cannon also informed Maynard that he was forwarding her request for other information along to Household Finance so that they could provide that information.

Maynard wrote another letter to Cannon stating that his response was inadequate and explaining why she required a present mortgage balance and payment history.  Cannon did not respond and had no further communication with Maynard.  He also had no further communication with Household Finance about Plaintiff until June 15, 2004, when he was notified by email that Maynard and the Household Finance had reached a settlement.  Cannon

then dictated a letter to the County Recorder and sent a request of cancellation of the Notice of Default. The request was executed by the County Recorder's office on June 25, 2004.

## DISCUSSION

Cannon brought a motion for summary judgment based on compliance with the FDCPA and a subsequent motion for judgment on the pleadings based on the statute of limitations. Because the motion for judgment on the pleadings raises jurisdictional issues, the court will analyze it before it proceeds to the FDCPA issues raised in the motion for summary judgment.

### Motion for Judgment on the Pleadings

Cannon argues that Maynard's case is barred by the statute of limitations contained in the FDCPA. The FDCPA statute of limitations states:

> (d) Jurisdiction
> An action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692. The Complaint in this case was filed April 11, 2005. Therefore, for purpose of the one-year statute of limitations, some of the pertinent dates occurred before and after the one-year period. The Notice of Default and the mailing of the Notice along with Cannon's initial letter to Maynard happened in March 2004. Whereas, Cannon's letter sent in response to Maynard's letter disputing the debt and requesting information occurred on April 12, 2004. In addition, the Notice of Default was never amended or corrected and was not withdrawn until June 25, 2004.

Cannon contends that the alleged violation is the recording of the Notice of Default, which occurred more than one year before Maynard filed her Complaint, and that any other

alleged violations would relate back to the date of the Notice of Default or the original March 2004 letter. Maynard argues that Cannon's April 12, 2004 response letter was a violation of the FDCPA and his failure to withdraw or correct the amount on the Notice of Default was a continuing violation until it was withdrawn in June 2004. In any event, Maynard asserts that Cannon waived his statute of limitations defense by failing to assert it as an affirmative defense in his Answer.

Rule 8(c) of the Federal Rules of Civil Procedure specifically states that the statute of limitations is an affirmative defense that must be set forth in the defendant's responsive pleading or it is waived. Cannon argues, however, that because the FDCPA statute of limitations is entitled "jurisdiction," it is a jurisdictional condition precedent to the action, not just an affirmative defense. Therefore, he contends that the jurisdictional issue can be raised at any time.

The Tenth Circuit has not specifically addressed whether the FDCPA's statute of limitations is a jurisdictional condition precedent. But many other circuit and district courts have addressed the issue. While there are some cases finding that the FDCPA's statute of limitations is jurisdictional, the majority of courts, and all of the courts that have fully analyzed the issue, have determined that the statute of limitations is not jurisdictional. *See, e.g., Marshal-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000); *Clark v. Bonded Adjustment Co., Inc.*, 176 F. Supp. 2d 1062, 1066 (E.D. Wash. 2001); *Salgado v. Harvard Collection Servs., Inc.*, 2004 WL 2011399, at *1 (N.D. Ill. July 17, 2001). While the statute of limitations includes the title "jurisdiction," in the United States Code, it was enacted with that title by Congress. *See* Fair Debt Collection Practices Act, Pub. L. No. 95-109, § 813(d), 91 Stat. 874, 881 (1977).

Therefore, courts have disregarded the heading given to subsection (d) in the codification when analyzing whether the time limit in the FDCPA is jurisdictional. *See Clark*, 176 F. Supp. 2d at 1068 ("[T]he Code cannot prevail over the Statutes at Large when the two are inconsistent.").

In addition, there is a rebuttable presumption that statutory time limits are not jurisdictional. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95-95 (1990). In *Youren v. Tintic School District*, 343 F.3d 1296 (10th Cir. 2003), the Tenth Circuit looked at similarly permissive language in a federal statute of limitation and concluded that such permissive language did not constitute a jurisdictional condition precedent. *Id.* at 1303. Therefore, the court concludes that the statute of limitations contained in the FDCPA is not jurisdictional. Rather, it is only an affirmative defense and must be pled or it is waived.

Cannon argues that even though he did not assert the statute of limitations as an affirmative defense in his Answer, the court should allow him to amend his answer if it is necessary. Because the court finds that the statute of limitation does not bar Maynard's claims, it is unnecessary for Cannon to amend his Answer. The focus of Maynard's complaints is Cannon's inadequate response after she sent her dispute letter. Cannon failed to verify the correct amount of the debt or provide Maynard with the requested information. He also failed to take any action with respect to the Notice of Default until the dispute was settled. The only FDCPA violation Maynard alleges that is outside of the one-year period is the filing of the Notice of Default. However, the Notice of Default remained unchanged, and Cannon failed to withdraw it, well into the limitations period.

In addition, in *Johnson v. Riddle*, 305 F.3d 1107, 1115 (10th Cir. 2002), the Tenth Circuit found that the statute of limitation did not begin to run until the collector served the consumer

with the summons in a wrongful collection action. It suggests that the statute of limitation does not run until the collector takes the last action it can to comply with the FDCPA. Under that reasoning, Cannon could have withdrawn the Notice of Default at any time after he received Maynard's letter disputing the debt. The Notice of Default continued to publish an incorrect debt amount well into the limitations period. Therefore, the court concludes that Maynard's claims regarding the inadequacy of Cannon's response and failure to withdraw or correct the Notice of Default after her letter disputing the debt are not barred by the one-year statute of limitation.

### Motion for Summary Judgment

In his Motion for Summary Judgment, Cannon argues that the undisputed facts demonstrate that he cannot be liable as a matter for any violation of the FDCPA because he followed the Act's provisions. Maynard, however, argues that there were several violations of the FDCPA. The main violations she asserts are the failure of Cannon to respond adequately to her dispute letter and his failure to withdraw or correct the Notice of Default after her dispute letter.

After receiving the notice required by the FDCPA, Maynard sent Cannon a letter disputing the debt, making numerous complaints about the lender, describing the history of the dispute, and requesting information and accountings associated with the loan and her payment history on the loan. Cannon's response merely affirmed the original principle amount of the loan and provided Maynard with copies of the original loan documents. Although the debt had been transferred to Cannon as the successor trustee, he forwarded Maynard's letter to the lender and informed Maynard that the lender would provide her with the requested information. After this

communication, Cannon did not have any further communication with Maynard or the lender until he was notified that the matter had been settled.  Cannon claims that Section 1692g(b) of the FDCPA prohibits further contact with the debtor on the debt has been disputed.

       The court finds that Cannon's actions are far from a clear-cut compliance with the FDCPA.  The Tenth Circuit has stated that "[b]ecause the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 302 F.3d 1107, 1117 (10th Cir. 2002).  Under Section 1692g(b), if the consumer requests the debt collector to verify the debt, the debt collector must cease collection of the debt until the requested information is mailed to the consumer.  This provision cannot be read to mean that Cannon only requirement was to verify the fact that Maynard in fact had a mortgage and to again restate the original amount of the mortgage.  Maynard had been paying on the mortgage for years.  Her letter disputing the debt informed Cannon of the history of the dispute and problems Maynard had faced with the lender.  For the FDCPA to make any sense, Cannon's response and responsibility in verifying the debt was to provide the amount of the debt.

       Cannon argues that he was not required under state or federal law to provide the current balance of the debt and that he never claimed that the original amount of the mortgage was the outstanding balance at the time he sent either letter.  However, the first item Section 1692g(a) requires the debt collector to provide is "the amount of the debt."  Thus, Section 1692g(b)'s requirement that the debt collector verify the debt clearly encompasses a verification of the amount of the debt.  If Maynard had elected to cure the alleged default by refinancing her home, a proper statement of the mortgage debt remaining was essential.  A consumer should not be left guessing as to the amount of the debt as occurred in this case.

In addition, Section 1692g(b) could also be read to require Cannon to withdraw the Notice of Default or correct the amount of the debt on the Notice after receiving Maynard's letter. Section 1692g(b) requires the collector to cease collection on the debt until the collector provides the consumer with a verification of the debt. Cannon argues that this language did not require him to withdraw the Notice of Default because it had already been done. However, the continuing publication of the Notice of Default was a continuing attempt at collecting the debt. It was clearly being used as a means to collect on the debt. It also appears to have been in violation of Section 1692f of the FDCPA because it was an attempt to collect a debt in an amount not permitted by law.

Accordingly, the court cannot conclude that Cannon complied with the provisions of the FDCPA as a matter of law. The court, therefore, denies Cannon's Motion for Summary Judgment.

## CONCLUSION

Based on the above reasoning, Defendants' Motion for Judgment on the Pleadings is DENIED and Defendant's Motion for Summary Judgment is DENIED.

DATED this 21st day of August, 2006.

DALE A. KIMBALL
United States District Judge