IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUDITH W. MAYNARD,<br><br>**Plaintiff,**<br><br>v.<br><br>BRYAN W. CANNON, P.C.,<br><br>**Defendant.** | **ORDER**<br><br>**Case No. 2:05CV335DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff's Motion for a New Trial pursuant to Rule

59(e) of the Federal Rules of Civil Procedure.[1]   The court does not believe that a hearing on the

motion would significantly aid in the court's determination of the matter.  *See* DUCivR 7-1(f).

The Court has considered the memoranda submitted by the parties and the law and facts relevant

to the motion.[2]  Now being fully advised, the court enters the following Order.

The court granted Defendant's Motion for Summary Judgment in a written order issued

June 16, 2008.  The Clerk of Court entered judgment in favor of Defendant the following day.

On July 1, 2008, Plaintiff filed her Motion for a New Trial.  Plaintiff contends that the court

---

[1]  The court notes that a motion brought pursuant to Rule 59(e) is typically entitled a motion to alter or amend a judgment.  The provisions of Rule 59(a) through (d) pertain to a motion for a new trial.  There was no trial in this matter.  The case was decided on summary judgment.  Accordingly, the court construes Plaintiff's motion as a motion to alter or amend judgment under Rule 59(e).

[2]  The court considers the motion fully briefed.  Plaintiff did not file a reply memorandum in support of her motion.  However, the time deadline for filing such a reply was July 31, 2008, and Plaintiff did not seek an extension of time.

improperly drew inferences of fact in favor of Defendant and failed to properly take into account

the Defendant's admissions on issues of law and fact.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct

manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d

1309, 1324 (10th Cir. 1997) (citations omitted).  A motion for reconsideration is an

"inappropriate vehicle to reargue an issue previously addressed by the court when the motion

merely advances new arguments, or supporting facts which were available at the time of the

original motion.  Absent extraordinary circumstances, . . . the basis for the second motion must

not have been available at the time the first motion was filed."  *Servants of the Paracletes v.*

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   "When supplementing a Rule 59(e) motion with

additional evidence, the movant must show either that the evidence is newly discovered [and] if

the evidence was available at the time of the decision being challenged, that counsel made a

diligent yet unsuccessful effort to discover the evidence." *Committee For the First Amendment*

*v. Campbell*, 962 F.2d 1517 (10th Cir. 1992) (citations omitted).  "It is not appropriate to revisit

issues already addressed or advance arguments that could have been raised in prior briefing."

*Servants of the Paracletes*, 204 F.3d at 1012.  A Rule 59(e) motion must be made upon grounds

other than a mere disagreement with the court's decision and must do more than rehash a party's

former arguments that were rejected by the court.

After duly considering the Plaintiff's memoranda and reviewing the court's prior

Memorandum Decision and Order granting summary judgment, the court finds that Plaintiff's

motion for reconsideration is without merit.  Plaintiff merely disagrees with the Court's order and

reasserts her previous arguments.  Plaintiff has failed to demonstrate any manifest error of law or

present any new evidence.  A disagreement with the court's decision is not an appropriate basis

for bringing a motion under Rule 59(e).  Such disagreements should be dealt with in the normal

appellate process.  Plaintiff's motion for reconsideration is, therefore, DENIED.

DATED this 3rd day of September, 2008.

BY THE COURT:

_____

DALE A. KIMBALL,
United States District Court Judge